CITY OF ROCKLAND *vs.* MARY C. FARNSWORTH.

Knox. Opinion March 17, 1891.

</div>

<div align="center">*Tax. Debt. Evidence. Practice. R. S., c. 6, § § 12, 175.*</div>

In an action of debt to recover a tax assessed upon personal property, it is a material averment that the defendant was an inhabitant of the plaintiff town, &c., and it is incumbent upon the plaintiff to establish it by competent evidence.

Where such an action was submitted on report to the law court, and the evidence did not disclose any testimony to prove that allegation, the plaintiff moved to have the report discharged. *Held*, that as no injustice can result from allowing the plaintiff an opportunity to supply the omission, if the evidence exists, the motion should be granted, and the case remanded for trial.

ON REPORT.

*E. K. Gould, C. E. Littlefield* with him, for plaintiffs.

*J. O. Robinson, and J. F. Libby*, for defendant.

The case is stated in the opinion.

WHITEHOUSE, J. Action of debt to recover the amount of a tax assessed on the personal property of the defendant for the year 1885.

It is provided by section 12, of chap. 6, R. S., that "all personal property within or without the state, . . . shall be assessed to the owner in the town where he is an inhabitant

on the first day of each April." And it is alleged in the plaintiffs' declaration, that "the said Mary C. Farnsworth, on the first day of April, 1885, was an inhabitant of said City of Rockland." This is a material averment, and it is incumbent upon the plaintiff to establish it by competent evidence as a necessary part of the city's case. It is true that in *Nowell* v. *Tripp*, 61 Maine, 426, an action against a collector for an arrest alleged to be illegal, it was held that in determining what persons are to be taxed, the assessors were no more acting outside of their jurisdiction than in determining what property shall be taxed, and that an "error of the assessors in taxing one as an inhabitant of their town when in fact he was not an inhabitant, forms no exception to the rule that a collector's warrant is his protection against all errors and illegalities but his own." But in *McOrillis* v. *Mansfield*, 64 Maine, 198, an action by a collector to recover a poll tax assessed upon the defendant, it appeared that the defendant was not an inhabitant of the town at the time the tax was assessed, and a nonsuit was entered, the court holding that the doctrine of *Nowell* v. *Tripp*, should not be extended to apply to such a case.

But this action is brought directly by the City of Rockland, in its own name, to collect a tax by virtue of the authority conferred by section 175, of chap. 6, R. S.; and *a fortiori* the plaintiff is bound to prove the defendant's residence in that city at the time in question. If she was not an inhabitant of that city on the first day of April, 1885, she was not liable to be taxed there for personal property, and this action cannot be maintained.

But patient and careful scrutiny of the report not only fails to disclose direct and positive evidence of such residence in Rockland, but any evidence whatever from which that fact can be legitimately inferred. There are indeed remote intimations that might form the basis for a plausible conjecture, but no facts or circumstances entitled to be received as competent evidence to establish a material proposition in a court of justice. Whether this fatal omission was occasioned by inadvertency or necessity does not distinctly appear. But the entire absence of

any allusion to the question in the report, and the plaintiffs' motion filed in this court asking to have the report discharged if the evidence is deemed insufficient upon this point, suggest the probability that counsel either wholly overlooked the point or too confidently assumed that it would not be raised. As no injustice can result from allowing the plaintiffs an opportunity to supply the omission, if the evidence exists, we think the motion should be granted and the case remanded for trial.

*Report discharged.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.